IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIC RICHARD ELESON, #J-59564, | ) | CIV. NO. 20-00179 LEK-WRP |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTIONS FOR |
| | ) | RECUSAL OR IN THE |
| vs. | ) | ALTERNATIVE FOR |
| | ) | RECONSIDERATION |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent, | ) | |
| _____ | ) | |

**ORDER DENYING MOTIONS FOR RECUSAL OR IN THE
ALTERNATIVE FOR RECONSIDERATION**

On April 27, 2020, the Court denied Petitioner's "Verified Petition for a Writ in the Nature of Habeas Corpus" ("Petition"), on its merits because he was no longer in custody for the challenged conviction, and denied a certificate of appealability.[1] *See* Order, ECF No. 4[2] (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); 28 U.S.C. § 2244(d). Petitioner challenged his 1985 Hawaii criminal convictions in *State v. Eleson*, Cr. Nos. 7165(2), 7754(2), and 7688(2) (Haw. 2d Cir. Ct. 1984), which expired in 1989, but were used to enhance his sentence in his current conviction in California. *See* Order, ECF No. 4 at #75.

---

[1] Petitioner invoked jurisdiction under 28 U.S.C. § 2241, but the Court construed it under § 2254 because he is not a state pretrial detainee.

[2] The Court refers to the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") numbering and pagination system for filed documents.

Petitioner now argues that the Court's April 27, 2020 Order is "Void," for "Fraud," demands this Court's recusal, or "In the Alternative, Request[s] for the Judge to Reconsider."  Mot., ECF No. 7.  Petitioner's Motions for Recusal and/or for Reconsideration are DENIED.

## I.  MOTION FOR RECUSAL

Petitioner demands the Court recuse from this matter, alleging that the undersigned is "so PREJUDICED & BIASED that it is impossible for [her] to make ANY valid Ruling or adjudication of this petition & Proof(s) of Claim."  *Id.* at #111.  Petitioner bases this accusation solely on the Court's rejection of his arguments in support of the Petition.

### A.  Legal Standard

Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case.  It shall be

>accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source, because a judge's previous adverse ruling alone is insufficient for recusal. *See id.*

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under § 144 and must assign a different judge to hear the matter. *See* 28 U.S.C. § 144; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). If, however, the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (citing *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If

the affidavit is legally insufficient, then recusal can be denied. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

**B.     Discussion**

Petitioner's motion for recusal is insufficient under § 144 because it fails to allege any facts that support that the undersigned has exhibited bias or prejudice directed towards him from an extrajudicial source. *See Sibla*, 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").

Petitioner alleges the undersigned is "PREJUDICED & BIASED" against him based solely on this Court's ruling that he cannot challenge his long-expired 1985 conviction by way of a federal petition for writ of habeas corpus. The issues raised by the motion for recusal are not proper grounds to disqualify a judge for bias and prejudice. As the Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rather, judicial rulings are a basis for appeal, not recusal. *See id.* ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when

no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Petitioner's Motion for Recusal is DENIED.

## II.  MOTION FOR RECONSIDERATION

Petitioner seeks reconsideration on a variety of bases. Because the Motion was filed within twenty-eight days of judgment, the Court reviews it under Federal Rule of Civil Procedure 59(e).

**A.  Legal Standard**

"Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. 'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to

present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* (citing *McDowell*, 197 F.3d at 1255 n.1).

**B.     Discussion**

Petitioner does not allege that there is newly discovered and previously unavailable evidence or an intervening change in law. Rather, he alleges the Court misunderstood his challenge to his 1985 criminal proceedings. That is, he alleges that he is not challenging those convictions, per se, he is challenging the "CONSTITUTIONALITY of the trial itself." Mot. ECF No. 7 at #109. This is a challenge without meaning or distinction. Petitioner seeks a ruling from this Court overturning his 1985 convictions so that he can challenge his sentence in his California criminal conviction. Regardless of whether that challenge is based on trial error, new evidence, his allegation that the state trial is "void," or on any other basis, he is challenging his expired 1985 convictions. *Id.*

Petitioner argues that this Court has jurisdiction over his federal habeas petition because he was convicted within the District of Hawaii. While the District of Hawaii is the proper place to challenge a Hawaii state court conviction, that does not alter the fact that Petitioner is no longer in custody for the convictions he

challenges, or change the legal precedent holding that he cannot proceed on such a challenge.

Petitioner also argues that he is challenging the Hawaii Supreme Court's February 11, 2020 Order rejecting his petition for certiorari in his appeal of the denial of his 2018 Hawaii Rules of Penal Procedure, Rule 40 Petition.  First, this Court does not have jurisdiction to overturn the Hawaii Supreme Court's decision rejecting certiorari, which is purely a state procedural matter.  Second, Petitioner's 2018 Rule 40 Petition did not revive any time bar to challenging his 1985 convictions, making this argument meaningless.  *See* 28 U.S.C. § 2244 (d)(1); *see also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (internal citations and emphasis omitted).  This type of motion seeks "a substantive change of mind by the court."  *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir.1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526

(9th Cir. 1983)). "[M]otions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Fed. R. Civ. P. 59(e)).  Similarly, the district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration. *Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803, 811 (9th Cir. 1995).  In fact, the Ninth Circuit has specifically cautioned that a motion for reconsideration filed pursuant to Rule 59(e) "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Petitioner provides nothing that persuades the Court that the decision to deny his Petition was erroneous or that the interests of justice require reconsideration.  Petitioner's Motion for Reconsideration is DENIED.

//

//

//

//

//

## III.  CONCLUSION

Accordingly, Petitioner's Motion for Recusal and/or in the alternative Motion for Reconsideration are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 3, 2020.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Eleson v. Hawaii, No. 1:20-cv-00179 LEK-WRP Recon. '20